UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON ARCHIE POWELL,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Criminal Case No. 11-20391
Civil Case No. 15-14493

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [76] AND DENYING MOVANT A CERTIFICATE OF APPEALABILITY**

On September 25, 2013, a jury convicted Movant of one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g).  Movant filed motions for a new trial, which the Court denied in an Order [Dkt. #54] issued March 19, 2014.  The Court sentenced Movant to concurrent terms of six-and-a-half years (78 months) of imprisonment, and entered Judgment [57] on March 20, 2014.  Movant appealed, arguing that the Court had erroneously denied a motion to suppress.  The Sixth Circuit affirmed the denial of the motion to suppress on March 9, 2015. *United States v. Powell*, 603 F. App'x 475 (6th Cir. 2015), *cert. denied* 136 S. Ct. 107 (Oct. 5, 2015).

On December 29, 2015, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence [76]. Upon order of the Court, the government filed a Response [80] on February 8, 2016. Movant filed a Reply [81] on March 21, 2016.

For the reasons stated below, Movant's Motion to Vacate, Set Aside, or Correct Sentence [76] is **DENIED**. Movant is **DENIED** a certificate of appealability.

## FACTUAL BACKGROUND

The Sixth Circuit summarized the factual background of the case as follows:

> On May 6, 2011, a magistrate judge in the Eastern District of Michigan issued a search warrant. Special Agent James Koss of the United States Drug Enforcement Agency submitted an affidavit to support the search warrant application. *See* R. at 62. The affidavit details a drug trafficking enterprise led by Anthony Edwards and Clarence Williamson. The warrant sought documentary and physical (but non-narcotic) evidence of drug and firearm offenses, including guns and ammunition. R. at 62, 73.
> On May 17, 2011, pursuant to the issued search warrant, law enforcement agents searched a residence located at 7324 Grandmont Avenue in Detroit, Michigan. The agents found firearms and ammunition. *See* R. at 409. According to the affidavit, Powell resided at the Grandmont address.

*Powell*, 603 F. App'x at 475–76.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed

outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). Movant alleges an error of constitutional magnitude: a violation of his Sixth Amendment right to the effective assistance of counsel.[1] To establish ineffective assistance of counsel, Movant must show that his counsel rendered deficient performance and thereby prejudiced Movant's defense so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Movant identifies several alleged deficiencies in his counsel's performance. None, however, meet the *Strickland* standard.

## I.     Failure to highlight absence of fingerprint evidence

Movant argues that his counsel rendered deficient performance by failing to inform the jury that the evidence seized at the Grandmont residence did not bear Movant's fingerprints. However, Movant's counsel reminded the jury during closing arguments that there was no fingerprint evidence, characterizing such evidence as the "one sure way" to know if someone possessed a firearm. Movant's argument fails because it appears to be based on a false premise.

---

[1] In passing, Movant states that his motion is based in part on a claim of actual innocence. However, the arguments developed in his motion only concern failures of his counsel.

## II. Failure to call witnesses and develop argument regarding chain of custody

Movant faults his counsel for failing to call "crucial witnesses regarding the chain of custody" and for failing to "develop a break in the chain of custody argument." He does not identify any witnesses his counsel should have called, or explain what such witnesses would have testified. Nor does he clearly articulate an argument regarding the chain of custody. He does highlight an FBI record dated June 1, 2011, which states that evidence seized in the search of the Grandmont residence "was not submitted to the evidence room in a timely manner due to the closure of the evidence room as a result of a scheduled inventory." He also highlights a second FBI record, dated September 19, 2012, which states that the search warrant return for the search of the Grandmont residence was not attached to the initial report of the search. Movant's counsel presented argument concerning the chain of custody during closing arguments, citing testimony concerning the late submission of evidence to the evidence room, as well as testimony concerning a failure to upload the search warrant return until September 19, 2012. Movant does not explain what additional argument his counsel should have presented. He has therefore failed to make a showing that omission of this additional argument rendered his counsel's performance deficient or prejudiced his defense.

### III. Failure to challenge warrant as fabricated

Movant's Exhibit E is a copy of the May 6, 2011, search warrant that bears a handwritten signature of the Magistrate Judge and handwritten dates. Movant's Exhibit D is a different copy of the May 6, 2011, search warrant, on which the Magistrate Judge's signature and the dates are stamped rather than handwritten. The latter copy bears a stamp of the Clerk of Court, certifying that it is a true copy of the original on file with the Clerk's Office. Movant points to the differences between Exhibits D and E, arguing that they are evidence that the search warrant was fabricated. He faults his counsel for failing to raise this argument.

The differences between Exhibits D and E appear to reflect peculiarities of the manner in which the court copied and stored the search warrant. They do not suggest that the search of the Grandmont residence was conducted without a warrant. Movant has made no showing of prejudice from his counsel's failure to highlight the differences between these copies.

### IV. Failure to call Anthony Edwards as a witness

Movant faults his counsel for failing to call Anthony Edwards as a witness. Movant states that he "directed counsel to call Anthony Edwards as a witness in his defense because Anthony Edwards had recanted parts of the initial story that he told the FBI." According to Movant, Edwards would have testified "that he could not have been on the phone with [Movant] on certain dates and times which led to

the Government getting a wire-tap on [Movant's] records in an effort to tie him in to Mr. Edwards' crimes." In his Reply, Movant states that Edwards recanted "specific drug dealing information inculpating [Movant]" and that "the entire nexus to this entire matter was recanted which led the Government to only charge [Movant] with a firearm violation." He further states that Edwards would have testified "that he did not 'place a call' to [Movant] on or about September 30, 2010 related to a heroin transaction."

    Movant does not explain how the omission of Edwards' expected testimony prejudiced his defense to the charges of possession of firearms and ammunition (as Movant acknowledges, he was not charged with drug crimes). Movant does not dispute that he possessed property at the Grandmont resident, or that law enforcement officers found firearms and ammunition there while executing the search warrant. The search warrant affidavit did not contain any statements from Edwards to law enforcement. Thus, Edwards' recanting of any such statements appears irrelevant to assessing the constitutionality of the officers' reliance on the warrant. It is true that the affidavit stated that Edwards placed a call to Movant on September 21, 2010, and that the affiant interpreted their conversation as related to a heroin transaction. Movant appears to allege that Edwards would have testified that this call did not occur. However, the affidavit states that this call was intercepted pursuant to court-authorized surveillance of Edwards' phone. Movant

has not explained how Edwards' expected testimony may have changed the Court's conclusion, affirmed by the Sixth Circuit, that the officers' reliance on the affidavit was objectively reasonable. *Powell*, 603 F. App'x at 477–78. Thus, even if Movant's counsel rendered deficient performance by failing to honor Movant's request to call Anthony Edwards as a witness, Movant has made no showing of prejudice.

## CONCLUSION

The Court concludes that Movant has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Movant a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [76] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a certificate of appealability.

**SO ORDERED**.

Dated: August 3, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge